(48 Misc. Rep. 509)

THOMAS v. INTERNATIONAL SILVER CO.

(Supreme Court, Appellate Term. November 29, 1905.)

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—EXECUTION—EVIDENCE.
    In an action for breach of a contract of employment, evidence *held* not to sustain a finding that no contract was made between plaintiff and defendant's agent.

2. TRIAL—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.
    Where, in an action for breach of a contract of employment, it appeared that defendant's agent, who, it was alleged, made the contract about December 4th, was notified about December 24th not to make any contracts for the ensuing year, an instruction that if, at the time the contract was claimed to have been made, the agent had instructions not to make any contracts, he had no authority to act, and could not bind defendant, was misleading and prejudicial to plaintiff.

3. CORPORATIONS—AUTHORITY OF MANAGER—CONTRACTS.
    A manager, in charge of a branch factory belonging to defendant corporation, having sole charge of the business at the branch, employing

hands there and customarily making an annual contract with a traveling salesman, had apparent authority to bind the corporation by a renewal of such a contract.

Appeal from City Court of New York, Trial Term.

Action by Clarence E. Thomas against the International Silver Company. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Richard A. Irving, for appellant.
Ira B. Stewart, for respondent.

GILDERSLEEVE, J.   The action is to recover damages for the breach of a contract of employment.   It appears from the testimony that the plaintiff had been in the employ of the defendant corporation for many years as a traveling salesman; that for seven or eight years he had received $30 per week; that he had been employed by the year; that the renewal contracts took effect on the 1st of December of each year; that he was discharged on January 21, 1903; that in the letter notifying plaintiff of his discharge the president of the defendant stated, "We have decided to dispense with your services;" that the defendant had a number of factories, and its main office was at Meriden, Conn.; that the plaintiff was a salesman of the products of defendant's factory located at Lyons, N. Y.; and that on or about December 1, 1902, when it is claimed by plaintiff the contract in question was made between the parties, one Orlando F. Thomas, a brother of the plaintiff, was a director and auditor of defendant, and manager of defendant's factory at Lyons, and had sole charge of said factory.   The plaintiff's alleged contract of employment is denied by defendant, and thus arises the issue between the parties.   The testimony of the plaintiff and his brother Orlando, who, it will be remembered, was the manager of defendant's factory at Lyons and had been accustomed to make contracts of employment on behalf of the defendant corporation, is that about December 1, 1902, or two or three days thereafter, the plaintiff asked Orlando whether he was to continue another year, and Orlando replied, "Yes, go right ahead as usual;" that plaintiff was one of several traveling salesmen and covered a certain territory; that it was customary for plaintiff to make one trip in the spring of the year, of from six to eight weeks, and one in the fall, and once in a while special trips, as required by defendant; that, when not called upon by defendant to travel, the plaintiff was privileged to do outside work on his own account; that in addition to $30 a week salary the defendant paid plaintiff's expenses when on the road.   The alleged wrongful discharge took place, as we have seen, on January 21, 1903.   The plaintiff had received his usual $30 a week salary from December 1, 1902, the time he claims the contract in question took effect, down to the time of his discharge. It is the claim of the defendant that the contract alleged was never made, and that, if the conversation between the plaintiff and his brother occurred as testified to by them, Orlando was without authority to make a contract of that character that was binding on defendant.

The record is devoid of evidence in support of these contentions of defendant. It does appear, from the. testimony offered by defendant, that the business of the Lyons factory had not been profitable, and that at a meeting of the executive committee of the defendant, at which Orlando was present, he was notified that the closing up of the Lyons factory was under consideration, for the reason that it showed a loss, whereupon Orlando agreed to relinquish all his salary for 1902, providing the factory ran during the year at a loss. There is no evidence of any positive statement to ·Manager Thomas that said factory would be closed in the event of business there being unsuccessful. Moreover, when the end of the year came, Mr. Dodd, the president of the defendant, testified the factory was simply closed for an inventory as usual, and that it was decided not to reopen it. It is undisputed that the only instructions to Manager Thomas, relating to contracts and tending to revoke the authority he had exercised in the making of contracts binding on the defendant in connection with the Lyons factory at about this time, were contained in a letter written by defendant's president on December 24, 1902, in which he said:

"We would therefore suggest that you make no contracts of any kind for· 1903 until actual results are obtained."

The contract, for the breach of which damages are here sought to be recovered, had been made, according to the testimony of the plaintiff and his brother, the manager, about three weeks before the writing of this letter. It should be recalled in this connection that the plaintiff's salary of $30 a week was paid as usual up to the time of his discharge on January 21, 1903. The jury rendered a verdict for the defendant. We think a careful analysis and consideration of all the testimony calls for a conclusion that the contract as alleged in the complaint, and its breach, were clearly proven, and that the contrary view is against the evidence and the weight of evidence.

The learned justice instructed the jury that the contract they were called upon to determine the existence of was one alleged to be made in the early part of December—about the 4th of December—to begin from the 1st of December, and that said contract was the only one before them for determination. The defendant's position at the trial was that Manager Thomas had instructions from the defendant not to make contracts of any kind, and therefore could not make a con-- tract with the plaintiff for further employment that was binding on defendant. We have seen, however, that these alleged instructions were in the nature of a suggestion only, and were not given until three weeks after the contract in question, according to the testimony of plaintiff and his brother, had been made. Under this condition of facts the learned court charged the jury that if they should find—

"That on the 1st day of December, or around the time this alleged contract was made, Mr. Thomas had instructions not to make contracts of employment, that he had no authority to bind the company, and any contract he made could not be enforced."

To this instruction the plaintiff's counsel duly excepted. We think this. statement to the jury was misleading and prejudicial to the plaintiff. The only evidence on the question of Manager Thomas' author--

ity is to the effect that until the letter of December 24, 1903, he had full authority to make contracts of employment in behalf of defendant. The question, therefore, for the jury was not as to Manager Thomas' authority. It was this, viz.:

"What did he do about December 1, 1902, in respect of the alleged contract of employment with the plaintiff?"

The verdict of the jury can only be explained upon the theory that they reached the conclusion that the authority of the manager to make contracts of employment had been revoked. It will be remembered that Manager Thomas was in sole charge of the business of defendant at Lyons, and for years employed the people in the factory there, and annually made the contract with plaintiff of the same character as the one here in question. The alleged contract with plaintiff was well within the apparent scope of the manager's authority, and, if made as appears by plaintiff's testimony, we think it was binding on defendant. By reason of the error above pointed out in the instructions given to the jury by the learned court, and for the reason that we think that the verdict is contrary to the evidence, the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment and order reversed, and a new trial ordered, with costs to appellant to abide the event.

SCOTT, P. J., concurs. MacLEAN, J., concurs in result.